### PELZER, ROGERS & CO. v. MORRIS.

1. PLEADINGS—AMENDMENTS—ANSWER—APPEAL—USURY.—Where a defendant moves to amend his answer so as to plead usury, and the motion is refused, this Court will not consider exceptions to the decree raising questions as to usury.

2. IBID.—IBID.—APPEAL—DISCRETION.—A motion to amend a pleading so as to conform to the facts proved, is addressed to the discretion of the Court, and its refusal is not appealable except in cases of abuse of discretion depriving moving party of substantial right.

Before BUCHANAN, J., Florence, September, 1898. Affirmed.

Foreclosure by Pelzer, Rogers & Co. v. the heirs at law of H. L. Morris. From refusal of motion by defendants for leave to amend answer by setting up plea of usury, so as to make it conform to facts proved, defendants appeal. The bond in question was conditioned to pay a sum certain, "with interest thereon from the date of this bond at the rate of ten per cent. per annum, payable annually until the whole amount, both principal and interest, be paid."

*Mr. Z. T. Kershaw,* for appellants, cites: *Plaintiffs have charged more than ten per cent. on the principal, and ten per cent. on accrued interest, which is unlawful:* 31 S. C., 283; 51 S. C., 550; 30 S. C., 68.

*Messrs. Boyd, Brown & Brunsons,* contra, cite: *The motion*

*having been refused, there was no issue of usury in the case:*
*39 S. C., 193. If so, the case would have been recommitted:*
*19 S. C., 567. If Judge erred, it is one of discretion, and*
*cannot be corrected on appeal: 51 S. C., 417. It was not*
*proper to allow amendment without notice during trial,*
*which changed defense: Code, 194; 30 S. C., 575; 31 S. C.,*
*146, 204; 49 S. C., 513; 45 S. C., 613. As to construction*
*of charge used in statute against usury: 49 N. Y., 635; 50*
*S. C., 22; 51 S. C., 554.*

September 28, 1899. The opinion of the Court was
delivered by

MR. JUSTICE JONES. In this action, which was for the
foreclosure of a bond and mortgage, the defendants, who
are heirs at law of the deceased mortgagor, moved the Cir-
cuit Court, at the call of the case for hearing upon the re-
port of the master on the testimony, to allow an amendment
to the answer so as to set up the plea of usury. The motion
was refused on the ground that the testimony did not show
usury. Then a decree of foreclosure was rendered. The
defendants appeal, excepting in various forms that the Cir-
cuit Court erred in deciding that the testimony did not show
usury.

In so far as the exceptions may be treated as referring to
the decree of foreclosure, they must be overruled, because
the motion to amend having been refused, there was no issue
of usury before the Court. Under such circum-
stances it would not have been proper for the Circuit
Court to have considered the question of usury in his
decree for foreclosure, as usury must be pleaded, to be avail-
able as a defense. *Bank* v. *Miller,* 39 S. C., 193. Nor did
the Court, as matter of fact, consider such question in his
decree. In the order refusing the motion to amend, the
Court does say: "The amendment was considered in for the
purpose of the motion. After argument of counsel, it ap-
pears that no usurious contract and no usurious charges,
such as would taint plaintiff's contract, have been shown.

The plea is refused, there being no usury." Notwithstanding there is some ambiguity in the expressions used, which might convey the impression that the Circuit Court considered the matter of usury as an issue in the case, yet when it is noted that these remarks were applied to the motion to amend, it is manifest that all the Court did in this regard was to refuse to allow an amendment setting up the plea of usury, because it would be useless under the testimony reported. He merely considered the testimony with a view to ascertain whether he should exercise his discretion to permit the amendment, and not with a view to pass upon a question of fact as if an issue thereon had been duly raised.

If the exceptions can possibly be considered as referring to the order refusing the amendment, they must also be overruled. Amendments, under section 194 of the Code of Civil Procedure, are within the discretion of the Circuit Court, and the rule is well settled that this Court will not entertain an appeal therefrom unless there was abuse of discretion, depriving the party moving of a substantial right. *Trumbo* v. *Finley,* 18 S. C., 315, and numerous other cases. The amendment was proposed after the testimony had been taken and reported, and it changed substantially the defense, and we agree with the Circuit Court that the proposed amendment did not conform to the facts proved. It is conceded that the contract in question was not usurious in its inception, and there was no satisfactory evidence that plaintiff charged and received usurious interest subsequently, so as to bring the case within the rule announced in *Ehrhardt* v. *Varn,* 51 S. C., 550. At all events, the Circuit Court did not abuse its discretion in refusing the amendment.

The judgment of the Circuit Court is affirmed.